# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY,<br><br>         Plaintiffs,<br><br>    v.<br><br>NICHOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, STONINGTON STRATEGIES, LLC,<br><br>         Defendants. | Case No. 19-cv-00150-DLF |

**CIRCINUS, LLC'S RESPONSES & OBJECTIONS TO STONINGTON STRATEGIES, LLC'S DOCUMENT SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Circinus, LLC ("Circinus") hereby responds and objects to the Document Subpoena to Circinus (the "Requests," and individually, a "Request") by Defendant Stonington Strategies, LLC ("Stonington") as follows.

By producing any documents or information, Circinus does not admit to Stonington's characterizations of any documents, facts, theories, or conclusions, nor does Circinus admit that the documents or information reflect any fact, characterization, or conclusion.

The term "reasonable search" as used in any response to a Request shall mean a search of the electronic documents of Circinus.

A response to a specific Request which states that Circinus will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that to the extent such non-privileged documents do exist, they will be produced in accordance with the terms of Circinus' response to the Request.

## GENERAL OBJECTIONS

1. The General Objections set forth below apply to the Requests generally and to the Requests, definitions ("Definitions"), and instructions ("Instructions") set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for or provide documents or information in response to any specific Request remains subject to the General Objections. In addition, discovery is ongoing and Circinus expressly reserves the right to revise, amend, correct, supplement, or clarify its responses, objections, and any production in response to the Requests. Any supplemental or amended response shall not function as a waiver of any privilege, immunity, or objection.

2. Circinus objects to the Requests to the extent they seek production of documents or information that are protected from disclosure by: (i) the attorney-client privilege; (ii) the work product doctrine; (iii) investigative and consulting expert privileges; and/or (iv) any other applicable privilege, doctrine or immunity from disclosure, including but not limited to domestic or foreign criminal or civil laws. Circinus' production of any document or information subject to any such privilege, protection, or immunity from disclosure is inadvertent and is not a waiver of such privilege, protection, or immunity, and Circinus reserves its rights to demand the return of any such documents.

3. Circinus objects to each of Stonington's Definitions, Instructions, and Requests to the extent they are unduly burdensome and overbroad in scope, including insofar as any Request seeks the production of "all" documents related to a particular subject matter.

4. Circinus objects to the Requests to the extent that they seek to impose obligations on Circinus greater than those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Columbia.

5. Circinus objects to the Requests to the extent they seek documents and information that are not in Circinus' possession, custody, or control, or that are equally available to Stonington from sources other than Circinus, including from Stonington.

6. Circinus objects to the Requests to the extent they are vague, ambiguous, and confusing and/or require Circinus to engage in conjecture or speculation as to their meaning in responding the Requests.

7. Circinus objects to the Requests to the extent they require Circinus to draw legal conclusions.

8. Circinus objects to the Requests to the extent any Request is repetitive and/or duplicative of any other present or future Request by Stonington.

9. Circinus objects to the Requests to the extent they call for disclosure of confidential, proprietary or private information. Any such non-privileged documents will be produced only pursuant to the terms of a protective order in this case.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1. Circinus objects to the Definitions of "Circinus," "You," and "Your" on the grounds that they include persons that are not subject to Circinus' control and are overly broad.

2. Circinus objects to the Requests to the extent they call for the production of documents beginning January 1, 2016. Circinus will search for responsive documents created on or after December 1, 2017.

3. Circinus objects to the Definitions of "State of Qatar," "Qatar-based entity," "Kingdom of Saudi Arabia," "Saudi Arabia," "United Arab Emirates," and "UAE," as overly broad and containing persons whom Circinus may not know are affiliated with these countries and/or entities.

## SPECIFIC RESPONSES & OBJECTIONS

### REQUEST NO. 1

All communications between You and any person regarding Your or Broidy's advocacy, lobbying or consulting efforts relating to the State of Qatar or any Qatar-based entity, as well as any documents relating to such communications.

### RESPONSE TO REQUEST NO. 1

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

### REQUEST NO. 2

All communications between You and any person regarding Defendants, the State of Qatar, the Kingdom of Saudi Arabia, or the alleged hacking, as well as any documents relating to such communications.

### RESPONSE TO REQUEST NO. 2

Circinus objects to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Circinus also objects to this Request on the ground that it seeks privileged information. Circinus also objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.

4

Subject to the foregoing General and Specific objections, Circinus will produce non-privileged documents in its possession, custody, or control identified following a reasonable search in response to this Request concerning the hacking at issue in this case.

**REQUEST NO. 3**

All documents and communications, including without limitation progress reports (whether in draft or final form), regarding Your or Broidy's advocacy, lobbying, or consulting efforts on behalf of Saudi Arabia, the UAE, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from either country.

**RESPONSE TO REQUEST NO. 3**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, that are not proportional to the needs of the case, and that are for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 4**

All documents and communications regarding public statements You or Broidy have made about the State of Qatar, Saudi Arabia, their governments, or their relationships with Israel.

**RESPONSE TO REQUEST NO. 4**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 5**

All communications regarding Broidy's or Your own business dealings with Saudi Arabia, or any officials, agents, or representatives of that country, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 5**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 6**

All documents and communications regarding registration statements, if any, that You have submitted to the U.S. Department of Justice under the Foreign Agents Registration Act, related in any way to the UAE, Saudi Arabia, Israel, or any other Middle East country.

**RESPONSE TO REQUEST NO. 6**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 7**

All non-privileged communications regarding Your decision whether or not to file a registration statement with the U.S. Department of Justice under the Foreign Agents Registration Act, related in any way to the UAE, Saudi Arabia, Israel, or any other Middle East country, as well as any documents regarding such communications.

**RESPONSE TO REQUEST NO. 7**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 8**

All communications with George Nader or GS Investment Ltd., their agents, their representatives, or their attorneys, including communications between Your attorneys and Mr.

Nader's or GS Investment Ltd.'s agents, representatives, or attorneys, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 8**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 9**

All communications with Broidy, his agents, or his representatives, including without limitation lawyers at Boies Schiller Flexner LLP and Latham & Watkins, regarding Defendants, the alleged hacking, the State of Qatar, Saudi Arabia, or any individuals or entities— including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from those countries, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 9**

Circinus objects to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Circinus also objects to this Request on the ground that it seeks privileged information. Circinus also objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case. Circinus also objects to this Request on the ground that it seeks documents within the possession, custody, and control of parties to the case and/or third parties.

Subject to the foregoing General and Specific objections, Circinus will produce non-privileged documents in its possession, custody, or control identified following a reasonable search in response to this Request concerning Defendants and the hacking at issue in this case.

**REQUEST NO. 10**

All documents and communications regarding monetary payments or donations made or received by You or Broidy, in connection with Broidy's or Your own advocacy, lobbying, or

7

consulting efforts relating to the State of Qatar, including without limitation monetary payments or donations made by or received from Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country.

**RESPONSE TO REQUEST NO. 10**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 11**

All communications between You and any person regarding Broidy's non-Circinus business dealings with the UAE or Saudi Arabia, or any officials, agents, or representatives of those countries, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 11**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 12**

All communications between You, Your agents, or representatives, and members of the press, or their staff, agents, or representatives, regarding the alleged hacking, the State of Qatar, the United Arab Emirates, the Kingdom of Saudi Arabia, or Defendants, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 12**

Circinus objects to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Circinus also objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case. Circinus also objects to this

Request on the ground that responsive documents are in the possession, custody, and control of Defendants and/or third parties and/or are publicly available.

Subject to the foregoing General and Specific objections, Circinus will produce non-privileged documents in its possession, custody, or control identified following a reasonable search in response to this Request concerning the hacking at issue in this case.

**REQUEST NO. 13**

All documents or communications regarding contracts, agreements, pitches, proposals, bids, or other arrangements of value sought or entered into by Circinus regarding Defendants, the alleged hacking, the State of Qatar, the UAE, or Saudi Arabia.

**RESPONSE TO REQUEST NO. 13**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case. Circinus further objects to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Circinus also objects to this Request on the ground that it seeks privileged information. Circinus also objects to this Request on the ground that contracts, agreements, *etc.* with the State of Qatar, the UAE, or Saudi Arabia are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and requested for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request, and further states that Circinus has no contracts, agreements, *etc.* regarding Defendants or the hacking.

**REQUEST NO. 14**

All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Circinus, the UAE, Saudi Arabia, George Nader, GS Investment Ltd, or Xiemen Investments Limited.

**RESPONSE TO REQUEST NO. 14**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 15**

All documents and communications relating to Your receipt of moneys either directly or indirectly from the United Arab Emirates.

**RESPONSE TO REQUEST NO. 15**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 16**

All documents and communications relating to Your receipt of moneys either directly or indirectly from the Kingdom of Saudi Arabia.

**RESPONSE TO REQUEST NO. 16**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 17**

All documents and communications with Crown Prince Mohammed bin Zayed al-Nahyan of the United Arab Emirates.

**RESPONSE TO REQUEST NO. 17**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 18**

All documents and communications between You and any member of the Royal Family of the United Arab Emirates.

**RESPONSE TO REQUEST NO. 18**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 19**

All documents and communications with Yousef al-Otaiba, Ambassador of the United Arab Emirates to the United States of America.

**RESPONSE TO REQUEST NO. 19**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 20**

All documents and communications relating to the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018.

**RESPONSE TO REQUEST NO. 20**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 21**

All documents and communications relating to payments of money You facilitated either directly or indirectly to any sponsor of the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018, or any entity affiliated with such sponsor.

**RESPONSE TO REQUEST NO. 21**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 22**

All documents and communications relating to any assistance or service You provided to any sponsor of the Palestinian International Terrorism Support Prevention Act of 2017, H.R. 2712, 115th Congress, 2017-2018 or any relative or friend of such sponsor, and whether You were compensated or not for such assistance or service.

**RESPONSE TO REQUEST NO. 22**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 23**

All documents and communications regarding payments, donations, gifts, grants, disbursements, or contributions—including without limitation contributions to PACs, Hybrid

PACs, Super PACs, 501(c)(3) organizations, or 501(c)(4) organizations—received by or made by You or Broidy, or at Your or Broidy's direction, in relation to any federal political campaign.

**RESPONSE TO REQUEST NO. 23**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 24**

All communications with President Donald Trump and/or members of President Trump's family; White House staff; Trump presidential campaign staff; Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; or Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 24**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 25**

All communications with any U.S. Senator or U.S. Congressman and/or members of any Senator's or Congressman's staff regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 25**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 26**

All communications with any U.S. Cabinet Members or their staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 26**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 27**

All communications with former Congressman Ed Royce or his staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 27**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 28**

All communications with former Congresswoman Ileana Ros-Lehtinen or her staff, agents, or representatives regarding the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 28**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 29**

All communications with any agent, official, or representative of the government of Saudi Arabia regarding the State of Qatar or the UAE, including communications between Your attorneys and any such agent, official, representative, or attorney of the agent, official or representative, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 29**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 30**

All communications with any agent, official, or representative of the government of the UAE regarding the State of Qatar, including communications between Your attorneys and any such agent, official, representative, or attorney of the agent, official, or representative, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 30**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 31**

All documents and communications relating to any conferences you organized, participated in, or financed, involving the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia.

**RESPONSE TO REQUEST NO. 31**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper

purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 32**

All documents and communications regarding any investigation of Yours or Broidy's activities relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia by any foreign state or U.S. federal, state, or other regulatory agency.

**RESPONSE TO REQUEST NO. 32**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 33**

All communications with Special Counsel Robert Mueller and his investigation team relating to the State of Qatar, the United Arab Emirates, or the Kingdom of Saudi Arabia, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 33**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and for an improper purpose. Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

**REQUEST NO. 34**

All communications with Robin Rosenzweig, or her staff, agents, or representatives, regarding the State of Qatar, the UAE, Saudi Arabia, Defendants, and the alleged hacking, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 34**

Circinus objects to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Circinus also

16

objects to this Request on the ground that it seeks privileged information. Circinus also objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.

Subject to the foregoing General and Specific objections, Circinus will produce non-privileged documents in its possession, custody, or control identified following a reasonable search in response to this Request concerning the hacking at issue in this case, to the extent any exist.

**REQUEST NO. 35**

All communications with Erica Hilliard, or her staff, agents, or representatives, regarding the State of Qatar, the UAE, Saudi Arabia, Defendants, or the alleged hacking, as well as any documents relating to such communications.

**RESPONSE TO REQUEST NO. 35**

Circinus objects to this Request on the ground that it seeks "all" such requested documents, which is unduly burdensome and not required by the FRCP or the Local Rules. Circinus also objects to this Request on the ground that it seeks privileged information. Circinus also objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in the case and not proportional to the needs of the case.

Subject to the foregoing General and Specific objections, Circinus will produce non-privileged documents in its possession, custody, or control identified following a reasonable search in response to this Request concerning the hacking at issue in this case, to the extent any exist.

**REQUEST NO. 36**

All bank statements for accounts belonging to You between January 1, 2016 and the present.

**RESPONSE TO REQUEST NO. 36**

Circinus objects to this Request on the ground that it seeks documents that are irrelevant to the claims and defenses in this case, not proportional to the needs of the case, and that it is improper

and harassing.  Based on the foregoing General and Specific objections, Circinus will not produce documents in response to this Request.

|  |  |
|---|---|
| Dated:  January 14, 2022 | KASOWITZ BENSON TORRES LLP |
|  | By: /s/ Henry B. Brownstein |
|  | Henry B. Brownstein |
|  | D.C. Bar No. 1026042 |
|  | 1399 New York Avenue, Suite 201 |
|  | Washington, D.C. 20005 |
|  | Tel.: (202) 760-3400 |
|  | hbrownstein@kasowitz.com |
|  |  |
|  | Daniel R. Benson (*pro hac vice*) |
|  | Andrew R. Kurland (*pro hac vice*) |
|  | Jacob Benson (*pro hac vice*) |
|  | 1633 Broadway |
|  | Tel.: (212) 506-1700 |
|  | New York, New York 11019 |
|  | dbenson@kasowitz.com |
|  | akurland@kasowitz.com |
|  | jbenson@kasowitz.com |
|  |  |
|  | *Counsel for non-party Circinus, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, a true and correct copy of the foregoing was served via electronic mail to:

ARENT FOX LLP
Randall A. Brater
1717 K Street NW
Washington, DC 20006
randall.brater@arentfox.com

Eric Roman
Mohammed T. Farooqui
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com

*Counsel for Defendant Joseph Allaham*

WILEY REIN LLP
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Saitta (D.C. Bar # 488110)
rsaitta@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
1776 K Street NW
Washington, DC 20006
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Defendants Stonington Strategies LLC and Nicolas D. Muzin*

WALDEN MACHT & HARAN LLP
Jeffrey A. Udell
Adam P. Cohen
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com

*Counsel for Defendant Gregory Howard*

RIFKIN WEINER LIVINGSTON LLC
Charles S. Fax
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

*Counsel for Defendant Gregory Howard*

    /s/ Henry B. Brownstein
    Henry B. Brownstein

19