# EXHIBIT K

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

Broidy Capital Management, LLC and Elliott Broidy
*Plaintiff*

v.

Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC
*Defendant*

Civil Action No. 1:19-cv-00150-DLF

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Circinus, LLC, C/O Threat Deterrence Capital, LLC
1201 Wilson Blvd, Suite 2120, Arlington, VA 22209

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Rifkin Weiner Livingston LLC<br>225 Duke of Gloucester Street<br>Annapolis, MD 21401<br>ELECTRONIC PRODUCTION PREFERRED - CONTACT COUNSEL BELOW | Date and Time:<br>01/26/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/6/2022

*CLERK OF COURT*

OR

_____       _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Gregory Howard , who issues or requests this subpoena, are:
Jeffrey A. Udell, 250 Vesey St., 27th Floor, New York, NY 10281, judell@wmhlaw.com, 212-335-2045

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-00150-DLF

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

# DEFENDANT GREG HOWARD'S DOCUMENT SUBPOENA TO CIRCINUS

## DEFINITIONS AND INSTRUCTIONS

The following requests are subject to the definitions and instructions set forth below:

1.      The terms "Circinus," "You," or "Your" shall mean, unless otherwise expressly indicated by the particular context, the entity Circinus, LLC with its headquarters at 1201 Wilson Blvd, Suite 2120, Arlington, Virginia 22209, and shall include all its owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates.

2.      The terms "Broidy" shall mean, unless otherwise expressly indicated by the particular context, the named plaintiffs, Broidy Capital Management, LLC, and Elliott Broidy. These terms shall include all owners, principals, employees, agents, independent contractors, representatives, and affiliates of Broidy Capital Management, LLC, as well as all agents, representatives, employees, and all persons acting or purporting to act on behalf of Elliott Broidy.

3.      The terms "Republic of Angola" or "Angola" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Angola in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

4.      The term "Morocco" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Morocco and any individual members; the Embassy of Morocco in the United States; all elected and appointed officials, representatives, employees,

1

agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

5. The term "Romania" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Romania in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

6. The term "Malaysia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Malaysia and any individual members; the Embassy of Malaysia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

7. The term "Nigeria" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Nigeria in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

8. The term "the Republic of the Congo" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of the Republic of the Congo in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

9. The terms "the Republic of Tunisia" or "Tunisia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Embassy of Tunisia in the United States; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

10. The term "the Kurdistan Regional Government" shall mean the official executive body of the Kurdistan Region of northern Iraq and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; all elected and appointed officials, representatives, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

11. The term "communication" shall mean information (in the form of facts, ideas, or otherwise) transmitted between persons, including, without limitation, meetings, discussions, conversations, recordings, telephone calls, memoranda, letters, telecopies, telexes, conferences, e-mails, text messages, WhatsApp messages, notes, facsimiles, social media postings, correspondence, or seminars.

12. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

13. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term. Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, including

without limitation the original and non-identical copies, regardless of origin, format, or location, and any record, communication, email, text message, WhatsApp message, database, spreadsheet, calendar entry, backup data, voicemail message, audio file, video file, or other information that exists in any format.

14. The term "all documents" means any and every "document" as defined above, which can be located, discovered, or obtained by reasonably diligent efforts, including without limitation all documents possessed by: (a) You or Your counsel; or (b) any other person or entity from whom You can obtain such documents by request, or from whom You have a legal right to bring within your possession by demand.

15. The term "person" shall mean any natural person or any business, legal, or governmental entity or association.

16. The terms "regarding," "relating to," "in connection with," or any similar terms shall mean referring to, incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence.

17. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be outside its scope. Wherever appropriate, the singular form of a word shall be interpreted in the plural and the plural shall be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be outside its scope.

18. All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting the relevant law.

19. These requests cover all documents, including electronically stored information, in, or subject to, Your possession, custody, or control including all documents or electronically stored information that You have the ability to obtain that are responsive, in whole or in part, to these requests. All documents including electronically stored information should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

20. All documents shall be produced in a format consistent with the instructions provided in Appendix A to the Stonington Defendants' Document Subpoena to Circinus, dated December 21, 2021.

21. In responding to these document requests:

(a) If a document was, but no longer is, in Your possession, custody, or control, state:

  (i) how the document was disposed of;

  (ii) the name, current address, telephone number, and email address of the person who currently has possession, custody, or control of the document;

  (iii) the date of disposition; and

  (iv) the name, current address, telephone number, and email address of each person who authorized said disposition or who had knowledge of said disposition.

(b) If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

22. If any portion of a document is responsive to a document request, the entire document shall be produced.

23. If You assert that any portion of a request is objectionable, answer those remaining parts of the request to which You do not object.

24. If You withhold any documents on grounds of a claim of attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection in the manner required by federal law and the Federal Rules of Civil Procedure.

25. Unless otherwise indicated, these requests seek documents prepared on or after January 1, 2016, through the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the requests.

## DOCUMENT REQUESTS

1. All documents and communications (whether in draft or final form) regarding Your or Broidy's advocacy, lobbying, or consulting (or proposed advocacy, lobbying, or consulting) on behalf of: (a) Angola; or (b) any individuals or entities (including without limitation nonprofit organizations, think tanks, and media organizations) that received funding from Angola.

2. All documents and communications regarding Your business dealings with: (a) Angola, or (b) any officials, agents, or representatives of Angola.

3. All documents and communications regarding Broidy's business dealings with: (a) Angola, or (b) any officials, agents, or representatives of Angola.

4. All documents and communications regarding registration statements that You have submitted to the U.S. Department of Justice under the Foreign Agents Registration Act, related to Angola.

5. All non-privileged documents and communications regarding Your decision whether or not to file a registration statement with the U.S. Department of Justice under the Foreign Agents Registration Act, related in any way to Angola.

6. All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Circinus and Angola.

7. All documents and communications relating to Your receipt of anything of value, either directly or indirectly, from Angola.

8. All documents and communications regarding monetary payments or donations made by or received by You or Broidy from: (a) Angola; or (b) any individuals or entities (including without limitation nonprofit organizations, think tanks, and media organizations) that received funding from Angola.

9. All documents and communications regarding contracts, agreements, pitches, proposals, bids, or other similar arrangements sought or entered into by Circinus regarding Angola.

10. All communications with Broidy, his agents, or his representatives, including without limitation lawyers at Boies Schiller Flexner LLP and Latham & Watkins, regarding: (a) Angola; or (b) any individuals or entities (including without limitation nonprofit organizations, think tanks, and media organizations) that received funding from Angola, as well as any documents relating to such communications.

11. All documents and communications regarding any meetings discussed, proposed, planned, arranged, or conducted between or among: (a) Angola, or any official, agent, or representative of that country, including without limitation João Manuel Gonçalves Lourenço and André de Oliveira João Sango; and (b) any U.S. Senator, U.S. Congressman, member of the Trump

7

Administration (including President Donald Trump), member of President Trump's family, Trump presidential campaign staff member, Save America PAC staff member, America First Action PAC staff member, Make America Great Again Action PAC staff member, Make America Great Again, Again PAC staff member, or Trump Administration transition team member.

12. All documents and communications regarding efforts by Broidy to obtain invitations to President Trump's inauguration for any official, agent, or representative of Angola, including without limitation João Manuel Gonçalves Lourenço and André de Oliveira João Sango.

13. All communications with President Donald Trump and/or members of President Trump's family; White House staff; Trump presidential campaign staff; Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America Great Again, Again PAC staff; or Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, regarding Angola, as well as any documents relating to such communications.

14. All communications with any U.S. Senator or U.S. Congressman and/or members of any Senator's or Congressman's staff regarding Angola, as well as any documents relating to such communications.

15. All communications with any U.S. Cabinet Members or their staff, agents, or representatives regarding Angola, as well as any documents relating to such communications.

16. All communications with Senator Tom Cotton or his staff, agents, or representatives regarding Angola, as well as any documents relating to such communications.

17. All communications with Senator Ron Johnson or his staff, agents, or representatives regarding Angola, as well as any documents relating to such communications.

8

18. All communications with former Congressman Ed Royce or his staff, agents, or representatives regarding Angola, as well as any documents relating to such communications.

19. All communications with former Congresswoman Ileana Ros-Lehtinen or her staff, agents, or representatives regarding Angola, as well as any documents relating to such communications.

20. All documents and communications that refer or relate to lobbying or advocacy activities concerning Grupo Simples Oil.

21. All documents and communications (whether in draft or final form) regarding Your or Broidy's advocacy, lobbying, or consulting (or proposed advocacy, lobbying, or consulting) on behalf of: (a) Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government; or (b) any individuals or entities (including without limitation nonprofit organizations, think tanks, and media organizations) that received funding from Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

22. All documents and communications regarding Your business dealings with: (a) Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government, or (b) any officials, agents, or representatives of Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

23. All documents and communications regarding Broidy's business dealings with: (a) Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government, or (b) any officials, agents, or representatives of Morocco,

Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

24. All documents and communications regarding registration statements that You have submitted to the U.S. Department of Justice under the Foreign Agents Registration Act, related to Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

25. All non-privileged documents and communications regarding Your decision whether or not to file a registration statement with the U.S. Department of Justice under the Foreign Agents Registration Act, related in any way to Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

26. All documents and communications relating to any financial transactions or exchanges of anything of value, whether directly or through an intermediary, between Circinus and Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

27. All documents and communications relating to Your receipt of anything of value, either directly or indirectly, from Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

28. All documents and communications regarding monetary payments or donations made by or received by You or Broidy from: (a) Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government; or (b) any individuals or entities (including without limitation nonprofit organizations, think tanks, and media organizations) that received funding from Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

29. All documents and communications regarding contracts, agreements, pitches, proposals, bids, or other similar arrangements sought or entered into by Circinus regarding Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government.

30. All communications with Broidy, his agents, or his representatives, including without limitation lawyers at Boies Schiller Flexner LLP and Latham & Watkins, regarding: (a) Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government; or (b) any individuals or entities (including without limitation nonprofit organizations, think tanks, and media organizations) that received funding from Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government, as well as any documents relating to such communications.

31. All documents and communications regarding any meetings discussed, proposed, planned, arranged, or conducted between or among: (a) Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government, or any of their officials, agents, or representatives; and (b) any U.S. Senator, U.S. Congressman, member of the Trump Administration (including President Donald Trump), member of President Trump's family, Trump presidential campaign staff member, Save America PAC staff member, America First Action PAC staff member, Make America Great Again Action PAC staff member, Make America Great Again, Again PAC staff member, or Trump Administration transition team member.

32. All communications with President Donald Trump and/or members of President Trump's family; White House staff; Trump presidential campaign staff; Save America PAC staff; America First Action PAC staff; Make America Great Again Action PAC staff; Make America

Great Again, Again PAC staff; or Trump Administration transition team members; or the agents or representatives of any of the individuals or organizations identified in this Request, regarding Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government, as well as any documents relating to such communications.

33. All communications with any U.S. Senator or U.S. Congressman and/or members of any Senator's or Congressman's staff regarding Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government, as well as any documents relating to such communications.

34. All communications with any U.S. Cabinet Members or their staff, agents, or representatives regarding Morocco, Romania, Malaysia, Nigeria, the Republic of the Congo, the Republic of Tunisia, or the Kurdistan Regional Government, as well as any documents relating to such communications.