UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re: Motion to Compel Compliance with Subpoena Directed to Non-Party Circinus, LLC**<br><br>BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY,<br><br>          Plaintiffs,<br><br>       v.<br><br>NICHOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, STONINGTON STRATEGIES, LLC,<br><br>          Defendants. | Misc. Action No: 22-mc-00002 |

**MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO COMPEL NON-PARTY CIRCINUS, LLC'S
COMPLIANCE WITH RULE 45 SUBPOENA**

Dated: February 22, 2022

Circinus LLC ("Circinus") respectfully submits this memorandum of law in opposition to the motion to compel compliance with Rule 45 subpoenas filed by Nicolas Muzin and Stonington Strategies LLC (together, "Muzin"), and Gregory Howard ("Howard," with Muzin, "Movants").

## ARGUMENT

Movants are three of the Defendants in an action in the United States District Court for the District of Columbia. The action arises from the Defendants' illegal scheme, funded by the State of Qatar, to hack, steal and disseminate confidential personal and business information of Plaintiffs Elliott Broidy and his investment company, Broidy Capital Management, LLC, in retaliation for Broidy exercising his First Amendment right to criticize Qatar for its support for and financing of terrorism. Plaintiffs allege statutory and common law claims, upheld by the D.C. court on Defendants' motion to dismiss, for violation of the Computer Fraud and Abuse Act; violation of the Defend Trade Secrets Act; violation of the California Uniform Trade Secrets Act; receipt and possession of stolen property; intrusion upon seclusion; and civil conspiracy.

Movants seek to enforce two subpoenas they have issued to Circinus, which is not a party to the D.C. action. If the motion is not transferred, as requested by the parties' forthcoming joint motion, to the D.C. District Court, the issuing court, the motion should be denied because this Court lacks jurisdiction to hear the motion. The Movants designated in their subpoenas locations for compliance other than Virginia — the Muzin subpoena and the Howard subpoena designated the District of Columbia and Annapolis, Maryland, respectively. Under settled law, absent circumstances not present here, only the district court in the location designated in the subpoena for compliance has jurisdiction to address subpoena-related motions.[1] *See* Fed. R. Civ. P.

---

[1] As Plaintiffs show in motion practice concerning discovery in the issuing court, other than the documents Circinus has agreed to produce, none of the requested information has anything to do with the claims or defenses in the action.

45(d)(2)(B)(i) (serving party may move to compel in the "court for the district where compliance is required"); *JMC Rest. Holdings, LLC v. Pevida*, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) (because "Plaintiffs selected their counsel's Manhattan office as the location of compliance, the Southern District of New York is the court for the district where compliance is required); *Patel v. Chandrakant Bhakta, et al.*, 2015 WL 12159208, at *2 (N.D. Ga. Apr. 29, 2015) ("Generally, courts look to the subpoena to determine where compliance is required.") (collecting cases); *U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC,* 2014 WL 4055372, at *1 (N.D.Tex. Aug. 15, 2014) (the place where a subpoena requires production of documents is the place where compliance is required).[2]

## **CONCLUSION**

For the foregoing reasons, Circinus respectfully requests that the Court transfer the motion, or in the alternative deny the motion for lack of jurisdiction.

Dated: February 22, 2022

Respectfully submitted,

HIRSCHLER FLEISCHER, PC

/s/  *Mihir V. Elchuri*

Robert R. Vieth (VSB No. 24304)
Mihir V. Elchuri (VSB No. 86582)
8270 Greensboro Drive, Suite 700
Tysons, VA 22102
P: 703.584.8900
F: 703.584.8901
rvieth@hirscherlaw.com
melchuri@hirschlerlaw.com

---

[2] That the Eastern District of Virginia is within 100 miles of Circinus is immaterial. *JMC Rest. Holdings, LLC*, 2015 WL 2240492, at *3 (Southern District of New York was "exclusive" venue for motion to compel because location of compliance was Manhattan, even though the Eastern District of New York was also within 100 miles of third party: "whether Plaintiffs might have required compliance in this District is immaterial"); *First Time Videos LLC v. Doe*, 2012 WL 1134736, at *1 (E.D. Va. Apr. 4, 2012) (denying motion to quash because it was not filed in the designated place for compliance).

and

KASOWITZ BENSON TORRES LLP
Henry B. Brownstein (*pro hac vice*)
1399 New York Ave., Ste. 201
Washington, D.C. 20005
T: 202-760-3403
hbrownstein@kasowitz.com

*Counsel for Circinus, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2022, a true and correct copy of the foregoing document was filed electronically with the clerk of this Court using the CM/ECF system, in accordance with Local Rules, which will send a notice of electronic filing to all registered users.

          */s/ Mihir V. Elchuri*
Mihir V. Elchuri, Esq. (VSB No. 86582)
HIRSCHLER FLEISCHER, PC
8270 Greensboro Drive, Suite 700
Tysons Corner, Virginia  22102
T:  (703) 584-8900
F:  (703) 584-8901
Email: melchuri@hirschlerlaw.com

*Counsel for Circinus, LLC*